The CARBORUNDUM COMPANY

v.

TENNESSEE VALLEY AUTHORITY, et al.

No. CIV–1–80–298.

United States District Court, E. D. Tennessee, S. D.

July 29, 1981.

See also, 521 F.Supp. 590.

Thomas O. Helton, Stophel, Caldwell & Heggie, Chattanooga, Tenn., George W. Grider and Charles M. Crump, Apperson, Crump, Duzane & Maxwell, Memphis, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Robert C. Glinski, Robert E. Washburn, T.V.A., Knoxville, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action in which the plaintiff, The Carborundum Company, brought suit seeking relief from the minimum payment provisions of its ten-year electric service contract with the Tennessee Valley Authority. The action seeking a declaratory judgment was filed upon September 17, 1980, although by the terms of the contract the last payment would not have been due until December 31, 1980. A memorandum opinion was entered upon April 30, 1981, in which the Court indicated that it would sustain the TVA's motion for summary judgment, dismiss the plaintiff's original action for a declaratory judgment, and grant judgment upon TVA's counterclaim in the amount of $1,095,037.05. This amount did not reflect the final three payments due under the contract for the months of October, November and December of 1980. Therefore, final judgment was withheld for 20 days to permit the filing of an agreed statement or separate affidavits regarding that additional amount.

The parties having failed to reach an agreement, conflicting affidavits were submitted on May 20 and May 22, 1981. The parties did agree that the additional amount due for the months of October through December of 1980 would total $406,593.87. The parties failed to agree on the total amount of late payment charges to be assessed against Carborundum. In the affidavit of James A. McMahon filed upon May 20, 1981 the TVA asserted that the total amount of late charges, if calculated through May 28, 1981, would total $103,788.11 minus $5,406.77 paid by Carborundum for a net total of $98,381.34. In the counteraffidavit of B. P. Oliverio, filed upon May 22, 1981, Carborundum asserted that the amount of late charges accrued and payable through the date of that affidavit would total only $82,539.63. The difference of $15,841.71 is explained by the fact that TVA included an additional 1% late charge in its larger amount. The additional late charge had not yet been assessed, but would have become due and payable on May 28, 1981.

Upon June 23, 1981, Carborundum's attorney of record filed a further affidavit stating that any failure to reach a timely agreement on the total amount payable was due to TVA's addition of the late charge for May which had not then become payable. The affidavit further reflects unsuccessful attempts to reach TVA lead counsel before the date that such charges became payable. Thereafter upon July 8, 1981 a stipulation of facts and statement of contentions was filed. The parties agreed that the total amount of the minimum bills and late payment charges due and unpaid through April 28, 1981 totalled $1,584,170.55. TVA asserts that in addition to that amount, that it is entitled to recover additional late payment charges of 1% per month from that date in accordance with the terms of the contract. Carborundum asserts that TVA is entitled only to interest in the nature of post-judgment interest at the rate of 8% per annum. The parties further stipulated that if the Court allows only interest in addition to the stipulated total, that such interest rate should be applied as would have been applicable on April 28, 1981. Most recently the parties orally sought additional time to submit briefs which are now before the Court.

The contract between TVA and Carborundum contains the following provisions concerning billing:

> TVA will bill Company for power and energy made available during the preceding month as defined herein as soon thereafter as practicable. Company shall pay bill within 20 days after the date of the bill. To any amount so billed and remaining unpaid 20 days after the date of the bill shall be added a *penalty* of 1%, and an additional 1% of the then unpaid amount shall be added for each succeeding 30-day period until the amount is paid in full. (Emphasis added) (Ex. B, Supplemental File)

TVA asserts that despite the Court's April 28, 1981 memorandum that the penalty provisions of the contract remain intact and should be enforced until the entire amount is paid. Carborundum asserts that

the Court's memorandum is tantamount to a judgment and that any additional amounts due should be analyzed as though calculating post-judgment interest. Carborundum would invoke the provisions of 28 U.S.C. § 1961, which requires this Court to calculate post-judgment interest at the rate allowed by state law. *Tennessee Code Annotated* § 47–14–121 provides as follows:

> Interest on judgments, including decrees, shall be computed at the effective rate of eight per cent (8%) per annum, except as may be otherwise provided or permitted by statute; provided, however, that where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limit provided in § 47–14–103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed.[1]

Carborundum further contends that the contractual provision concerning the 1% penalty should not be construed as a "writing fixing the rate of interest" within the intent of the statute. Carborundum points out that the 1% amount is labeled as a penalty in the contract and further urges that such a rate in excess of 12% per annum would clearly constitute a penalty based upon market interest rates existing in 1969 when the contract was executed.

After having considered all of the relevant facts in this case the Court is of the opinion that the assessment of contractual penalties past the date of the Court's earlier memorandum would be excessive. Realizing that the TVA had failed to supplement its counterclaim to include the final three months of the power contract, the Court permitted the TVA to reach an agreement with Carborundum and add those amounts. The Court further allowed the addition of contractual penalties through April 28, 1981, an amount which has now been stipulated. But when TVA suggested in its May 20, 1981 affidavit that it was entitled to yet an additional month of penalty charges which would not become due and payable

until May 28, 1981, Carborundum justly resisted. Thus it is from this dispute that the ensuing delays have arisen. Under the unusual facts of this case the Court is of the opinion that such resistance on the part of Carborundum was justified and that equity demands that no further penalties be assessed after those included in the amount agreed to by the parties. However, the Court is further of the opinion that interest on the money rightfully withheld from TVA by Carborundum must be added to the total due in the nature of post-judgment interest. Turning to the Tennessee statute for guidance, that interest will be assessed at the rate of 8% per annum.

Accordingly, a final judgment will enter in favor of the TVA and against the Carborundum Company in the sum of $1,616,-114.79, the amount of the judgment having been determined as follows:

| | |
|---|---|
| Amount due per Court Memorandum of 4/30/81 | $1,095,037.05 |
| Additional Amount due as of 4/28/81 as per Stipulation of 7/7/81 | 489,133.50 |
| Sub Total | $1,584,170.55 |
| Interest at 8% from 4/28/81 to 7/29/81 | 31,944.24 |
| (347.22 per day x 92 days)   TOTAL | $1,616,114.79 |

---

1. On May 4, 1981, Section 47–14–121 was amended to provide for post-judgment interest of 10%, effective July 1, 1981. However, as a result of a stipulation by the parties, this change is irrelevant.